FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

12/16/24

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 3:23-cr-101-WWB-PDB

CHRISTOPHER JOHN MURCHISON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, CHRISTOPHER JOHN MURCHISON, and the attorney for the defendant, Lisa Call, Esq., mutually agree as follows:

### A.   Particularized Terms

   1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts Four and Five of the Indictment. Counts Four and Five charges the defendant with making, and aiding and abetting the making of, false statements in required records kept by a licensed firearms dealer, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

   2.   Maximum Penalties

Counts Four and Five each carry a maximum sentence of five years imprisonment, a fine of $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100. A violation of the terms and conditions of supervised release carries a maximum

Defendant's Initials _CJM_                                          AF Approval _NMA_

sentence of not more than two years of imprisonment as well as the possibility of an additional term of supervised release.

The cumulative maximum sentence for Counts Four and Five are a maximum sentence of 10 years imprisonment, a fine of $500,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and special assessment of $200. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than four years of imprisonment as well as the possibility of an additional term of supervised release.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Counts Four and Five are:

> First: the Defendant made, and aided and abetted the making of, a false statement or representation in an ATF Form 4473;
>
> Second: to a federally licensed firearms dealer; and
>
> Third: the Defendant knew that the statement or representation was false.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One, Two, and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. Acceptance of Responsibility - Three Levels

Defendant's Initials _CJm_                2

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials _CM_                3

pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful

Defendant's Initials CJh        4

means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials CJm                    5

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.   Standard Terms and Conditions**

    1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall

Defendant's Initials CJM

6

impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate

Defendant's Initials CJM

7

regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit

Defendant's Initials CJM

8

reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court

Defendant's Initials _CJM_    9

erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials _CJM_    10

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _CJm_    11

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _COM_              12

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 9th day of ~~October,~~ December 2024.

ROGER B. HANDBERG
United States Attorney

_____
CHRISTOPHER JOHN MURCHISON
Defendant

_____
KIRWINN MIKE
Assistant United States Attorney

_____
LISA CALL, Esq.
Attorney for Defendant

_____
MICHAEL COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials CJM

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 3:23-cr-101-WWB-PDB

CHRISTOPHER JOHN MURCHISON

## PERSONALIZATION OF ELEMENTS

Count Four:

1. On November 9, 2021, did you make, or aid and abet the making of, a false statement or representation on an ATF Form 4473?

2. Was this false statement, or representation with respect to the information required to be kept in the records, made to R&P Business Ventures, LLC, a federally licensed firearms dealer?

3. Did you know that this statement or representation on ATF Form 4473 was false?

Count Five:

1. On February 15, 2022, did you make, or aid and abet the making of, a false statement or representation on an ATF Form 4473?

2. Was this false statement, or representation with respect to the information required to be kept in the records, made to R&P Business Ventures, LLC, a federally licensed firearms dealer?

3. Did you know that this statement or representation on ATF Form 4473 was false?

Defendant's Initials CJM

14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:23-cr-101-WWB-PDB

CHRISTOPHER JOHN MURCHISON

**FACTUAL BASIS**

On January 10, 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) opened a firearm trafficking investigation into Michael SAWYER based on Crime Gun Intelligence Analytical data. ATF found that SAWYER was associated with prior firearm trafficking investigations from international firearm recoveries where SAWYER—the original firearm purchaser—was traced to seven firearms involved crimes. Some of these recoveries occurred in Puerto Rico and Colombia.

On January 18, 2022, ATF found that a seller with the moniker "mmk607," later identified as SAWYER, had five separate firearm advertisements listed on floridaguntrader.com, which included photographs of different types of firearms including, Beretta, KelTec, and H&K. In one of the classified ads, SAWYER advertised selling five AR style pistols for $760.00 each "OBO" (or best offer). An ATF agent, acting in an undercover capacity, contacted SAWYER and set up a transaction for three Assault Rifle (AR) pistols.

Defendant's Initials 

On January 24, 2022, the agent met with SAWYER at a Walmart Supercenter in New Smyrna, Florida, and exchanged $2,400.00 for three AR pistols; specifically Anderson Manufacturing, Inc., model AM-15, multi-caliber pistols. During the sale, SAWYER stated that the firearms were "fresh builds," he had other colors if the agent was interested in purchasing more, and his "buddy" builds them for him. SAWYER also stated that he primarily sells to customers that "flip" firearms and resell them for $1000.00 per firearm. Further, SAWYER told the undercover agent that he was selling 15 to 18 firearms per week.

After the first transaction, ATF continued to communicate with SAWYER and made subsequent firearm purchases. On February 11, 2022, an undercover agent met with SAWYER for another transaction at the Walmart Supercenter. During this encounter, the agent exchanged $2,050.00 for three Anderson Manufacturing Inc., model AM-15, multi-caliber pistols. On March 3, 2022, an undercover agent met with SAWYER at the Winn-Dixie in Palm Coast, Florida, and exchanged $2,300.00 for three AR pistols (same type as listed above).

On March 16, 2022, SAWYER was arrested as he was picking up 30 firearms from a federal firearms licensee (FFL) in DeLand, Florida. After his arrest, SAWYER agreed to speak with investigators and stated that he had purchased approximately 100 firearm receivers since January 2021, and that he did not have any of the firearms because he sold them. SAWYER admitted to using floridaguntrader.com, or armslist.com, to advertise the firearms, and selling firearms to approximately 30 people.

Defendant's Initials _CJM_    2

When explaining how he obtained the firearms, SAWYER stated that he would order the firearms online from Kentucky Gun Company and have them shipped to Randolph SWINDLE at R&P Business Ventures, LLC (FFL) in Bunnell, Florida. Once the firearms arrived, SAWYER would provide his "buddy," Chris MURCHINSON, with prefilled ATF Form 4473s for the firearms. MURCHINSON would then drive to R&P Business Ventures, LLC, where SWINDLE would transfer the firearms to him. After, MURCHINSON would take the firearms, assemble the receivers, and sell them back to SAWYER, who would then resell them on the street. SAWYER admitted that the ATF forms would be filled out in either his name, his mother's name, or his friend's name, but neither of them have ever visited R&P Business Ventures in Bunnell, Florida.

On February 25, 2022, ATF analyzed the firearm entries in the Acquisition and Disposition book from R&P Business Ventures. These entries contained SAWYER's firearm purchases from July 17, 2021, to February 15, 2022. During this time, SAWYER purchased approximately 177 firearms from SWINDLE at R&P Business Ventures—most of the purchases were Anderson Manufacturing Inc., AM-15, multiple calibers receivers.

On November 9, 2021, SAWYER prefilled an ATF Form 4473 for a total of 37 firearms—all of them being Anderson Manufacturing Inc., AM-15, multiple calibers receivers. After, SAWYER provided the form to MURCHINON, who then presented the form to SWINDLE at R&P Business Ventures. SAWYER never visited R&P Business Ventures on that day. SWINDLE then completed the ATF

Defendant's Initials _CJM_                3

Form 4473, which stated that the firearms were to be transferred to SAWYER. Instead, SWINDLE transferred the 37 firearms to MURCHINSON, who assembled the firearms for resale. Thus, MURCHISON, SWINDLE, and SAWYER knew that the information on the ATF Form 4473 was false and that, though SAWYER was listed as the transferee on the form, he was not the actual transferee because he never visited R&P Business Ventures to pick up the firearms from SWINDLE.

Similarly, on February 15, 2022, SAWYER prefilled an ATF Form 4473 for a total of 14 firearms—all of them being Anderson Manufacturing Inc., AM-15, multiple calibers receivers. After, SAWYER provided the form to MURCHINON, who then presented the form to SWINDLE at R&P Business Ventures. SAWYER never visited R&P Business Ventures on that day. SWINDLE then completed the ATF Form 4473, which stated that the firearms were to be transferred to SAWYER. Instead, SWINDLE transferred the 14 firearms to MURCHINSON, who assembled the firearms for resale. Thus, MURCHISON, SWINDLE, and SAWYER knew that the information on the ATF Form 4473 was false and that, though SAWYER was listed as the transferee on the form, he was not the actual transferee because he never visited R&P Business Ventures to pick up the firearms from SWINDLE.

Defendant's Initials  CJM                4